Today, we're here to address the unconstitutional upward variance from the parties jointly requested three years to nine years in prison. And while this case presents some unusual circumstances, Medina does not request new or unusual law to be applied in this case. It's a longstanding rule that major variances, such as from three years to nine years, must have significant justification, and that's the Supreme Court's ruling in Gall. And the due process clause is what drives that. So no matter the standard, there must be significant justification for this variance. And here, the due process clause is violated because a person cannot be sentenced for an offense that cannot be proven or defended. And that's this Court's Williams case from 1994, is that both Rule 32, which embodies the due process clause, guarantees the defendant an adequate opportunity to challenge information used against him at sentencing. And that's what was lacking here, because the evidence, all material evidence of the dismissed counts that was dismissed on due process grounds, it was destroyed. Counsel, I've read the plea agreement in this case, and is there anything in the plea agreement that would have barred the government from putting on evidence that your client murdered his father? Well, the parties agreed to jointly recommend a low-end sentence in the plea. I understand that. I mean, the judge specifically at the plea colloquy made sure your client understood that he could still deem the murder or the alleged murder relevant conduct. But I don't see anything specific in the plea agreement that would have barred the government from putting on evidence that your client murdered his father if they had wanted to. So is there anything in there that, in your view, would have barred them from doing that, as long as they complied with the rest of the plea agreement? Right. As long as they complied with the sentencing request. No, I don't believe there was anything in there barring them from supporting some type of relevant conduct finding to support their 36-month requested sentence. Which could include the alleged murder by your client of his father. If they had sufficient evidence of that, correct. And if they had decided to do that, or if there were a remand and they decided to do that, you'd have the opportunity to argue to the district court. Due process prevents you from, no matter what evidence they present, because of the circumstances here, due process prevents you from making a finding as relevant conduct that my client murdered his father. Well, they would be barred from that on remand because they've waived the So this Court has held when the government has the opportunity to present something at sentencing in the first place, and they do not do so, that's waived for any subsequent remand. It's, it's, the government shouldn't have, I believe it was called a second bite at the apple, is what this Court said. And so, because the government did not present any evidence to resolve the known dispute that the defendant had with the PSR, that was raised, you know, to the PSR. It was raised in a sentencing memorandum. The government didn't file any sentencing memorandum in response. It was argued at sentencing. The government didn't present any evidence. It specifically said, we do not rely on the dismiss counts in support of our sentence. And so, it's our position in this Court's case law that the government has waived that right. So, should this go back for resentencing, it's limited solely to the assault, assault of conduct. I just can't remember, is that argument in your brief that on remand, the government has waived any right to prevent, you don't need to give me a site, but. Yeah, it was in our reply brief. Okay. Yes. And so, the, the concern is that here, the sentence, the six years, beyond what the parties asked for, is, violates the due process, because it is materially unreliable information that's demonstrably the basis for the sentence. That's the standard. And so, the district court already found, when it dismissed the first count on due process grounds, it already found that there was no evidence available to corroborate or defend, you know, either way, for the prosecution or the defense. But then, the court went against its own ruling at sentencing to say, where there was no new evidence presented, well, now I find the defendant was very much involved and very closely involved with this conduct that Medina is unable to defend, because the evidence is, has been destroyed. It was missing. And so, that was the sole basis for the variance, because the district court said, should I get, you know, there was a discussion of appeal, because the court noted that this objection was preserved, said, if, should this come back, and I can't consider that relevant conduct, I'll impose, I will impose the high end sentence. But it, I mean, I'm a little confused by the sentencing transcript. It seems at one point the judge is saying he is finding your client murdered his father, at another point he's saying he's not relying on the fact that your client murdered his father, am I misreading the transcript? Oh, no, I, I agree that it, it is inconsistent, and when the court first makes the relevant conduct discussions, yes, the court specifically says Medina murdered his father, and then later, after the final objection, after imposition of sentence, the district court said, well, I'm not finding that, I'm finding that he was very much involved in, and very closely involved in that conduct. And what that difference is, I'm, I'm not entirely sure. But it's clear that the six-year variance was based solely on this conduct, this alleged conduct, that Medina could not defend against, because the evidence was missing. Well, I mean, that's a factual question, whether or not he could or couldn't defend against it. I, I mean, I, from what you've submitted, it's not entirely clear to me exactly what evidence was left, exactly what evidence was, was destroyed. And when your client was asked by the district judge at the plea, you understand that I can basically rely on this murderer's relevant conduct. Your client said yes, and you didn't object, or, or your, I, I don't know if it was you at the, the plea, but your colleague didn't object and say, no, you can't judge, there's a due process problem. Because, at the plea, you're correct that the court did say he could be entitled to consider the relevant conduct, which is a true statement of law, that relevant conduct can always be considered as long as it meets the basic elements of due process. But the judge wasn't just talking about relevant conduct in the abstract. He was talking about relevant conduct in the context here of the possible murder by your client of his father. Correct. It did mention the dismiss count specifically. But then at sentencing, when no more evidence was brought up by the government to support, you know, that, that dismissed charge, the defense objected to the PSR's reliance on, you know, insufficient evidence and hearsay because it could not be sufficient, it could not be sufficiently proven. Well, the PSR doesn't, doesn't conclude that your client did murder his father. I mean, it cites facts in there about what your client's brother said and some other police report that you say you've never seen. But I mean, it doesn't specifically say as relevant conduct your client murdered his father. That's the general direction of the PSR. And certainly, you know, disputes over a PSR are not unusual. And this court analyzes them on a case-by-case basis. And this court has reversed where there was a police report mentioned, but even that police report is not sufficient. Well, but the PSR doesn't mean anything if it's put in issue by the defense. That's correct. I mean, it's not evidence of anything. That's correct, Your Honor. And the government didn't present any evidence to bolster the PSR's claims because it couldn't, because that evidence was missing, just as Medina couldn't put on evidence to refute because that evidence was destroyed by the BIA. And I'll reserve my time. Okay. And I'll, I'll, why don't we add a minute to the clock when you're back up for a rebuttal. Thank you. Thank you. Thank you. Good morning, Your Honor. Good morning. May it please the Court, I'm Christopher Baker representing the United States. This court first hinted in United States v. Estrepo in 1990 that there may be sentencing circumstances that require something more than the default standard of proof when facts are at issue to support a sentence that's disproportionately above the guidelines as it was here. But in Estrepo, the court said that due process does not require a higher standard of proof than preponderance of the evidence to protect a convicted defendant's liberty interest in the accurate application of the guidelines. What was motivating this court in Estrepo was that the defendant has a liberty interest in ensuring that the court properly calculates the guidelines. And hence, facts then that undergird enhancements that disproportionately increase the sentence above and beyond the guidelines require something more than preponderance of the evidence. Counsel, putting aside for the minute whether it's preponderance of the evidence or clear and convincing evidence, did the district court here actually make a finding that your defendant had murdered his father? It is curious along the lines of the questions that preceded as far as at one point the judge seems to conclude that yes, by preponderance of the evidence, he was responsible for the murder but seems to backtrack. I acknowledge that somewhat inconsistent position. My best gloss or understanding of that exchange is the district judge was making it clear that he was not finding beyond reasonable doubt that the appellant committed murder. Well, if he wasn't, if the district court wasn't finding that part of the relevant conduct was that the defendant murdered his father, what is the possible basis for this enhancement? The variance, I think unquestionably, was a result of the judge finding by a preponderance of the evidence that the appellant was responsible for his father's murder. I think that's crystal clear. What exactly is the evidence before the district court that supported that finding that would allow us to affirm, let's assume that the district court did make that finding, what is the actual evidence before the court that would allow us to affirm that? Three witnesses saw the appellant at the murder scene on the day of the murder. And this is from the pre-sentence report? This is a combination of the pre-sentence report and the attachments, the reports that were before the district judge in connection with the motion to dismiss in which the district judge referred to. Well, that's the police report you're talking about, isn't it? That's correct, Your Honor, an indisputed police report. And again, I think part of the challenge here is that at the sentencing hearing, the appellant never took issue with the facts, only stood on the ground that the facts should be disregarded entirely because the underlying evidence was not available. In stark contrast, in this court, the appellant is asking the panel to consider the evidence quite closely with respect, 12 pages of the defendant, of the appellant's opening brief goes through an exhaustive detail why the evidence that the district judge had before it was unreliable hearsay. But that argument was never put before the district judge and hence the district judge never had the occasion to wrestle with whether or not, in light of the inconsistencies and the other internal consistencies, that that evidence was sufficient. To Justice Bennett's comment regarding what evidence was before the district court, three witnesses see the appellant at the murder scene the day of the murder and report that on the day of the murder. There's a witness who sees him in the house shortly before the murder. There's a witness, Kelly Mann, who sees him depart shortly after the murder. And then Nathan Moore, later in the day, reports to law enforcement that he saw the appellant kill his father. Separately, Nathan Moore tells his neighbor, immediately following seeing the murder, that he saw Medina kill his father. And again, several hours later, he reports that same fact to law enforcement. Well, just a minute. Was the police report that you're talking about, it was attached to the PSR, was it ever offered into evidence? It was an exhibit to the PSR. But was it ever offered into evidence? Well, it was in it. I'm not sure if it was attached to the PSR. It certainly was, Your Honor. It certainly was an exhibit to the party's papers filed in connection with the motion to dismiss. Well, that's, but my question was, was it offered into evidence where somebody has an It certainly was. The party certainly had an opportunity to object to it. My position here is that the appellant chose not to, for one reason or the other. But I believe that had he advanced that concern, that the police reports were either insufficient or unreliable. Just because something is in a PSR doesn't make it substantive evidence for anything when it's been put in issue. I understand that, Your Honor. But this Court's case law makes plain that if a district judge properly considers the appellant's objections or the defendant's objections to the PSR and denies them, it's certainly within the district court's discretion to adopt the PSR. Particularly like here, where the appellant or the defendant advanced no facts to refute what the PSR stood for. Well, I think that's not entirely accurate. I mean, the defendant's position was the government lost all the evidence or destroyed or was responsible for the spoliation of all the evidence. And so we have no ability to make a case because we didn't get any of it. I mean, the defendant was in a very difficult position here, where you have the district court saying basically, at least at one point, I'm going to find that the defendant murdered his father and what might or might not have been exculpatory or certainly relevant evidence was gone. I mean, what's your response to the defendant's argument that there's a real due process problem here? Two questions to Your Honor's first issue. Undoubtedly, the government never challenged that dismissal of the murder count was the only appropriate recourse in light of the mishandling of the evidence. That said, I don't know that it's not terribly, it's not functionally different from many cases at sentencing where there are no recordings of the underlying interviews. The appellant had the occasion to conduct defense investigation by way of finding those witnesses who, according to the police reports, said what they said. To challenge that, to subpoena them to the sentencing hearing? But I mean, I think it is different. I mean, I think in a circumstance where there just isn't a lot of investigation, the facts are what they are. But that's different from a circumstance where there were tapes, there were witness interviews, there was all sorts of things, there was scientific evidence that might have shown that the defendant's brother was the killer for all I know. But it's all gone. And I mean, the defendant is in a very difficult position to rebut these statements in the PSR when the evidence that could have given the defendant the ability to rebut it is gone, which clearly was recognized by the government in agreeing to this very low sentence recommendation. So what was the defendant supposed to do here? The defendant, at the very least, could have advanced the exact same arguments that he's advancing here in 12 pages of his opening brief by laying out and reciting for the district judge that by a preponderance of the evidence, there's not sufficient evidence here because of the internal inconsistencies and the unreliable hearsay. He didn't advance that argument. He stood on the ground that for a completely separate reason, because the underlying evidence is gone, the court can't even take the police reports and the PSR into account. Well, when the PSR has put an issue by objection, the defense doesn't have to come forward with anything. The government has to come forward with proof to support whatever it is, and they didn't. That's certainly the case, Your Honor. I would just, I would stand on the fact that this court's case law provides for that, that if the PSR, if the district judge hears the objections and concludes that the PSR nevertheless has sufficient evidence, the government doesn't have an independent burden or duty to buttress those findings, particularly in a case like this where the appellant put forth no arguments and no evidence. If we were to decide that a remand was appropriate and we didn't agree with the defendant's argument that the government was barred from putting on evidence and we gave the government that opportunity, would the government put on evidence that, in this case, that the defendant murdered his father, or would the government take the sort of stand mute on it as it did at this sentencing? To Your Honor's earlier question, first, I don't believe that the plea agreement prohibits the government from proceeding like that. I would want to not rule out putting on the evidence. I think it would be curious if the case were remanded and the appellant did at the district court what the appellant has done here, which is put into question the evidence and the ability to make representations and argue that, in fact, the evidence was more than sufficient for the judge to find, as he found. So you're not ruling that out if you had that opportunity? Correct, Your Honor. Thank you. Thank you, Your Honor. Thank you, Your Honors. Just a few quick points to clarify the record that no police report was attached to the PSR. There were some partial reports put in the pretrial litigation as for suppression that was never ruled on because it was mooted out when the government didn't just challenge the dismissal but conceded to the dismissal. Well, then, okay, I was wrong on that, then the PSR took portions of that and put it into the PSR, right? It's unclear what reports were relied on. There's a... Whatever I read in the PSR, where'd that come from? It's not clear. There were no findings of where that came from. There are some... You've said in your brief you don't know where it came from. We don't know where it came from. We can look at what's left piecemeal, this limited universe of a few police reports and a partial BIA report by the very agent that lost all the evidence, and they're inconsistent. They're internally inconsistent, which is what we pointed out in our brief. And so Medina was unable to rebut the claims in the PSR because, as this Court pointed out, there were 15 recorded witness statements that are missing, included at least two recorded statements by Nathaniel Moore, the client's brother. And we have no idea if those were inculpatory or exculpatory for Medina. He's a co-suspect, as this Court pointed out as well. All physical and biological evidence was destroyed. And so Medina was left without any ability to put on evidence. And as this Court pointed, it was the government's burden at that point to show that it had what was left be sufficient for sentencing. And it did not do that. And so the government has now waived its position that now it's arguing that we haven't listened. Well, the government says that there was no argument that you made that this was unreliable, that it was hearsay, and that it sounds like they're saying that if you had made that argument, maybe they would have addressed it and they should at least have an opportunity on remand. If we're going to say that your argument isn't waived for not having been made, why wouldn't it be fair to give the government the opportunity to address those arguments on remand if you've made them for the first time on appeal? Well, the District Court found that the objection was preserved at ER 40. It said your objections to my relevant conduct findings are preserved. Right, but did you make an objection that this was based on unreliable hearsay? You clearly made a due process objection, but the government says you didn't make an objection based on what you've alleged at the beginning of your opening brief. The actual word hearsay was not used in the objections, but there were several objections before sentencing to the use of unreliable conduct that cannot be proven by any standard because it's based on missing or destroyed evidence, and an objection has to let the parties in the court know the basis so that they can respond. And that's a sufficient basis in that it was challenging the sufficiency of the evidence, which is a due process claim, which the reliability of evidence is the same as a hearsay objection. They're all intertwined, raising the due process concern that there is no evidence for Medina to rebut the government's claims. And so he's being found guilty of murder at sentencing where the government admitted it couldn't prove the charges of murder and that the government admitted Medina could not defend against the charges of murder. And that's what's critical here. Thank you. Why don't you wrap up, counsel? Thank you very much. Thank you. Thank you, counsel. The case just argued is submitted. Thank you.
judges: Bennett, Lee, Piersol